NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNA CUESTAS, | No. 22-16833 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-08746-EJD |
| v. | |
| MARTIN O'MALLEY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted February 12, 2024[**]
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

Anna Cuestas appeals the district court's order affirming the Commissioner's

decision denying her application for disability benefits under Title II of the Social

Security Act, 42 U.S.C. § 423. We have jurisdiction under 28 U.S.C. § 1291. "We

review a district court's judgment upholding the denial of social security benefits de

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo" and "set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (citations omitted).

To establish a disability for purposes of the Social Security Act, a claimant must prove that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "In order to determine whether a claimant meets this definition, the ALJ employs a five-step sequential evaluation." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citations omitted), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

In this case, the ALJ found that Cuestas was not disabled at step five because she could perform other work available in the national economy. The ALJ gave limited weight to parts of Cuestas's testimony, gave varying weight to the opinions of some medical professionals, and relied on the testimony of a vocational witness. Because the ALJ applied the correct legal standards and supported the findings with substantial evidence, we affirm.

First, the ALJ did not err in weighing the medical experts' opinions. An ALJ must "explain how it considered the supportability and consistency factors in reaching these findings," but need not discuss other factors. *Woods v. Kijakazi*, 32

F.4th 785, 792 (9th Cir. 2023) (quotation marks, brackets, and citations omitted). Here, the ALJ sufficiently explained why each opinion was or was not supported by the medical record and consistent with the other evidence.

Second, the ALJ did not improperly discount Cuestas's subjective testimony. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, the ALJ's decision to disregard some of Cuestas's allegations was not improper because they were not only unsupported by medical evidence, but were at odds with some of the medical evidence, and because Cuestas failed to comply with medical advice to attend pain management treatment. *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989*), superseded on other grounds by* 20 C.F.R. § 404.1502(a).

Finally, the ALJ did not err at step five. Cuestas argues that the ALJ failed to consider or account for her proffered Bureau of Labor Statistics evidence, which suggested that the jobs identified by the vocational witness required more interaction with people than Cuestas's limitations allowed. But the vocational witness testified that according to the Dictionary of Occupational Titles and her own experience, each of the three jobs she identified required little to no socialization and therefore was consistent with Cuestas's limitations. It was not error for the ALJ to accept the

3

vocational witness's opinion over Cuestas's proffered Bureau of Labor Statistics data.

Cuestas also argues that the ALJ erred at step five by not accounting for all of her limitations in the hypothetical posed to the vocational witness. But Cuestas fails to identify any specific limitation left out of the hypothetical, and any limitations presented by Cuestas's subjective testimony were not improperly disregarded.

**AFFIRMED.**